**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **JOE STEPHENS** | **CIVIL ACTION NO. 19-0944** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **PAUL J. CARMOUCHE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Joe Stephens, a prisoner at the Louisiana State Penitentiary proceeding pro se, filed the instant proceeding on July 11, 2019, under 42 U.S.C. § 1983. He names the following defendants: District Attorney Paul J. Carmouche, Assistant District Attorney Carey D. Shimptf, and the First Judicial District Court, Parish of Caddo.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff alleges that District Attorney Paul J. Carmouche and Assistant District Attorney Carey. D. Shimptf falsely imprisoned him from December 31, 1982, to the present. [doc. #s 1, p. 3; 1-1, p. 8]. Defendant Carmouche charged Plaintiff and another individual, Andrew Paul Harrison, with conspiring to commit arson with intent to defraud and committing arson with intent to defraud on December 31, 1982. [doc. # 1-1, p. 2]. Plaintiff's co-defendant, Harrison, later provided—or intended to provide—information to the prosecution implicating Plaintiff. *Id.* at 4.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Harrison was, thereafter, found deceased. *Id.* On April 27, 1984, a grand jury charged Plaintiff with murdering Harrison. [doc. # 5-1, p. 3]. The State intended to use evidence of the arson charges to prove that Plaintiff was motivated to kill Harrison. [doc. # 1-1, p. 4]. A jury found Plaintiff guilty of second-degree murder on February 15, 1985, following a trial which commenced on February 11, 1985. *Id.* at 8. The trial judge sentenced Plaintiff to life in prison. *Id.*

On June 25, 1986, an assistant district attorney dismissed the arson charges against Plaintiff. *Id.* at 6. On August 6, 1991, the First Judicial District Court, Caddo Parish, annulled, rescinded, and cancelled Plaintiff's "record of arrest for the charge of Arson with intent to commit fraud . . . ." [doc. # 5-1, p. 15].

Here, Plaintiff seeks injunctive, declaratory, and compensatory relief. [doc. # 1, pp. 3-4].

## Law and Analysis

**1. Preliminary Screening**

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Duplicative Proceeding**

The Court should dismiss Plaintiff's claims because they are duplicative and malicious. "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.

1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations he raised in prior proceedings. In *Joe Stephens v. Carey T. Shimpf, et al.* No. 5:07-cv-1962 (W.D. La. 2008), Plaintiff claimed "that he was falsely imprisoned and maliciously prosecuted from December 31, 1982 until June 25, 1986." The court dismissed Plaintiff's claims with prejudice and as frivolous.[3]

Likewise, in *Joe Stephens v. Ron Ashby, et al.*, No. 5:17-cv-1506 (W.D. La. 2018), Plaintiff claimed that he was falsely imprisoned "since December 31, 1982, when he was arrested and charged with one count of arson with intent to defraud."[4]

As the claims in this proceeding are duplicative and malicious, the Court should dismiss

---

[3] The magistrate judge observed: "He claims he was arrested on December 31, 1982 and charged with one count of arson with intent to defraud. He claims an amended bill of information was filed and he was also charged with one count of conspiracy to commit arson with intent to defraud. On June 25, 1986, the charges against him were dismissed after he was convicted of second-degree murder. Plaintiff is currently serving a life sentence for the second-degree murder conviction. Accordingly, Plaintiff seeks equitable relief, declaratory relief, monetary compensation and any other relief to which he is entitled."

[4] The magistrate judge also added: "On June 25, 1986, the charge against him was dismissed after he was convicted of second degree murder. Plaintiff is currently serving a life sentence for the second degree murder conviction." *Id.*

them with prejudice.[5] See *Pittman*, 980 F.2d at 995 (affirming that a "district court would be fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff."); *Bonner v. Adams*, 520 F. App'x 249 (5th Cir. 2013) ("The fact that Bonner was not proceeding in forma pauperis in the district court did not preclude the district court from dismissing his complaint as duplicative.").

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Joe Stephens' claims be **DISMISSED WITH PREJUDICE** as duplicative, malicious, and frivolous.

**IT IS FURTHER RECOMMENDED** that, because Plaintiff has filed numerous frivolous, duplicative, and malicious complaints[6] and because the courts' filing fees do not deter Plaintiff from filing duplicative and frivolous proceedings,[7] Plaintiff be **SANCTIONED** and prohibited from filing any new, pro se civil action in this District without the prior approval and authorization of the Chief Judge of this District.

---

[5] That the defendants in each proceeding are not identical does not change the result. See *Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

[6] See *Joe Stephens v. Ron Ashby, et al.*, No. 5:17-cv-1506 (W.D. La. 2018); *Joe Stephens v. James M. LeBlanc, et al.*, 3:15-cv-0353 (M.D. La. 2015); *Joe Stephens v. N. Burl Cain*, 3:14-cv-0797 (M.D. La. 2014); *Joe Stephens v. Carey T. Shimpf, et al.*, No. 5:07-cv-1962 (W.D. La. 2008); *Joe Stephens v. John R. Ballard*, 5:98-cv-1672 (W.D. La. 1998); *Joe Stephens v. Paul J. Carmouche, et al.*, 5:96-cv-1750 (W.D. La. 1996); *Joe Stephens v. Paul J. Carmouche, et al.*, 5:96-cv-1789 (W.D. La. 1996).

[7] Plaintiff paid the full filing fee in this proceeding, in *Joe Stephens*, No. 5:17-cv-1506, in *Joe Stephens*, No. 5:07-cv-1962, and in *Joe Stephens*, 3:15-cv-0353. Moreover, while Plaintiff proceeded in forma pauperis in *Joe Stephens*, 5:96-cv-1789, and in *Joe Stephens*, 5:96-cv-1750, Plaintiff paid the required installments quickly and even exceeded the filing fee, causing the courts to refund his overpayments.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the period authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 20th day of August, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE